UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                    Plaintiff,                    No.    1:14-CR-119

          v.
                                                  HON. ROBERT HOLMES BELL
ERIC DEVIN MASTERS,                               United States District Judge

                    Defendant.
_____/

PLEA AGREEMENT

This constitutes the plea agreement between ERIC DEVIN MASTERS ("the defendant")

and the United States Attorney's Office for the Western District of Michigan ("the U.S.

Attorney's Office").  The terms of the agreement are as follows:

1.    The Defendant Agrees to Plead Guilty.    The defendant agrees to plead guilty to Counts

      Three, Five, and Seven of the Indictment.  The defendant also agrees to forfeit the

      property listed in the Forfeiture Allegation.

      a.    Counts Three and Five charge the defendant with sexual exploitation of a child in

            violation of 18 U.S.C. § 2251(a).

      b.    Count Seven charges the defendant with sexual exploitation of a child and

            attempted sexual exploitation of a child in violation of 18 U.S.C. § 2251(a).

      c.    The Forfeiture Allegation provides for the forfeiture of visual depictions and any

            matter containing such visual depictions; any property, real or personal, used or

            intended to be used to commit or promote the commission of violations of 18

*United States v. Eric Devin Masters*
*Case No.  1:14-CR-119*
*Plea Agreement*

U.S.C. Chapter 110; and any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses.

2.   <u>The Defendant Understands the Crime</u>.    In order for the defendant to be guilty of violating 18 U.S.C. § 2251(a), the following must be true:

a.   The defendant knowingly used, persuaded, induced, enticed, or coerced an individual to take part in sexually explicit conduct for the purpose of producing visual depictions of such conduct – or (for Count Seven) attempted to do so;

b.   Such visual depictions were transmitted using any means or facility of interstate or foreign commerce; and

c.   The individual depicted was under the age of 18 at the time of the incidents.

The defendant is pleading guilty because he is guilty of the crimes described above.

3.   <u>The Defendant Understands the Penalties</u>.    The statutory penalties for a violation of 18 U.S.C. § 2251(a) are the following for each count of conviction:

a.   Maximum term of imprisonment: 30 years
b.   Minimum term of imprisonment: 15 years
c.   Maximum term of supervised release: Lifetime
d.   Minimum term of supervised release: 5 years
e.   Maximum fine: $250,000.00
f.   Special Assessment: $100.00

The defendant agrees to pay the special assessments at or before the time of sentencing, unless the defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

*United States v. Eric Devin Masters*
*Case No. 1:14-CR-119*
*Plea Agreement*

4.   <u>Restitution</u>.   The defendant understands that he will be required to pay full restitution as required by law. *See* 18 U.S.C. §§ 2259, 3663, 3663A. The defendant also agrees to make full restitution to all of the victims of his sexual exploitation of children, including, but not limited to, the three victims of the counts of conviction, whose identities are protected but are known to the parties. The defendant agrees that the restitution order is not restricted to the losses related to the counts to which he is pleading guilty. The parties currently do not know the applicable amount of restitution and agree that the amount will be determined at sentencing.

5.   <u>Forfeiture</u>.   The defendant agrees to abandon any and all claims and agrees not to contest the forfeiture of the computers, cellular telephones, computer-related equipment, pornographic images of children, and child erotica, including the following:

   a.   Black Motorola Droid cellular phone, Model #MB810, Serial #SJUG5853BB;

   b.   8GB Micro SD card, Serial #1141CY3949K; and

   c.   Gateway FX laptop computer, Model #MS2252, Serial #LXW430X013902B32BF2200.

The defendant agrees that the above-listed property was used to commit, promote the commission, or facilitate the offenses charged in Counts Three, Five, and Seven and should be forfeited to the Government pursuant to 18 U.S.C. § 2253; 21 U.S.C. § 853; and 28 U.S.C. § 2461(c).

*United States v. Eric Devin Masters*
*Case No.  1:14-CR-119*
*Plea Agreement*

6.  <u>Registration</u>.    The defendant acknowledges and agrees that he must register as a sex

offender in all applicable jurisdictions, including, but not limited to, the jurisdictions

where he was convicted, resides, works, and attends school.  The defendant understands

that failure to register may subject him to prosecution.

7.  <u>Medical Tests</u>.    The defendant agrees to be tested for sexually transmittable diseases

and the etiologic agent for acquired immune deficiency syndrome.  The defendant further

agrees that if the initial test for the etiologic agent for acquired immune deficiency

syndrome is negative, he will be re-tested six (6) months and twelve (12) months

following the initial test.  (42 U.S.C. § 14011.)

8.  <u>The Sentencing Guidelines</u>.    The defendant understands that, although the United States

Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the

Guidelines and take them into account when sentencing the defendant.  The defendant

understands that the Court, with the aid of the presentence report, will determine the facts

and calculations relevant to sentencing.  The defendant understands that he and his

attorney will have the opportunity to review the presentence report and make objections,

suggestions, and recommendations concerning the calculation of the Guideline range and

the sentence to be imposed.  The defendant further understands that the Court shall make

the final determination of the Guideline range that applies in this case, and may impose a

sentence within, above, or below the Guideline range, subject to the statutory minimum

and maximum penalties described elsewhere in this agreement.  The defendant further

*United States v. Eric Devin Masters*
*Case No. 1:14-CR-119*
*Plea Agreement*

understands that disagreement with the Guideline range or sentence shall not constitute a

basis for withdrawal of the plea.

9.    <u>Cooperation in Criminal Investigations</u>.    The defendant agrees to cooperate fully with

the Federal Bureau of Investigation, the U.S. Attorney's Office, and any other law

enforcement agency in their investigation of the charges contained in the Indictment, as

well as the investigation of other crimes over which they have actual or apparent

jurisdiction.  The defendant's cooperation will consist of all steps needed to uncover and

prosecute such crimes, including, but not limited to, providing investigators with a full,

complete, and truthful statement concerning the defendant's knowledge of any and all

criminal activity of which he is aware; truthfully answering investigators' questions;

submitting to and passing a polygraph examination or examinations upon request;

truthfully testifying before grand juries and in any court proceedings; meeting with

prosecutors before testifying; and providing all relevant tangible evidence in the

defendant's possession or under the defendant's control, including, but not limited to,

objects, documents, and photographs.  The defendant's obligation to cooperate under this

paragraph is an affirmative one and includes the obligation to come forward voluntarily

with any and all information that the defendant should reasonably know will assist in the

investigation of other criminal activity.  The defendant will not commit any criminal

offense during the course of his cooperation with the United States.  The defendant's

obligation under this paragraph is a continuing one, and shall continue after sentencing

*United States v. Eric Devin Masters*
*Case No.  1:14-CR-119*
*Plea Agreement*

until all investigations and prosecutions in which the defendant's cooperation is deemed

relevant by the U.S. Attorney's Office have been completed.

10.   The U.S. Attorney's Office Agrees:

    a.   To move to dismiss the remaining counts of the Indictment at the time of sentencing.

    b.   Not to prosecute the defendant further for violations of 18 U.S.C. §§ 2251(a), 2252,

       or 2252A that arise from this investigation, provided that the conduct is disclosed to

       the Government by the defendant or his attorney prior to the date of this agreement.

       The defendant understands that the U.S. Attorney's Office is free to prosecute the

       defendant for any other unlawful past conduct or any unlawful conduct that occurs

       after the date of this agreement.

    c.   Not to oppose the defendant's request for a reduction of his offense level for

       acceptance of responsibility under § 3E1.1 of the Guidelines, provided the defendant

       continues to satisfy the criteria for such a reduction.  Should the Court grant a two-

       level reduction as provided herein, the Government certifies that the plea was

       provided sufficiently in advance of trial to allow the Government to forego the

       expense of trial preparation and hereby moves the Court to grant an additional one-

       level reduction if the adjusted offense level is 16 or greater.

    d.   Not to use the information provided by the defendant through the defendant's

       proffers, and any information provided pursuant to the defendant's promise to

       cooperate as described in this agreement, to enhance the defendant's sentence, in

*United States v. Eric Devin Masters*
*Case No. 1:14-CR-119*
*Plea Agreement*

accordance with Sentencing Guidelines § 1B1.8, and according to the terms of the written agreement entered into between the parties immediately prior to the proffers. It is expressly understood, however, that such information will not be concealed from the probation office or the Court and may be used by the Government at sentencing if the defendant takes a position at sentencing that contradicts information provided by the defendant pursuant to this agreement or any proffer agreement.

e.   To consider, based on the defendant's cooperation, whether to file a motion for departure or reduction of sentence pursuant to Sentencing Guidelines § 5K1.1, 18 U.S.C. § 3553(e), and/or Rule 35(b) of the Federal Rules of Criminal Procedure. The defendant fully understands that such a motion may be made pursuant to law if, and only if, the defendant fully cooperates with the Government and materially and substantially assists the Government in the investigation or prosecution of others. The determinations of whether the defendant has provided substantial assistance to the United States, or to designated state or local law enforcement authorities, and of which type of motion to file, will be made in the sole discretion of the U.S. Attorney's Office. The defendant fully understands that this paragraph is not a promise by the Government to file a motion for departure or to reduce a sentence. Additionally, the defendant understands that, even if such a motion were filed, the Court has complete discretion to grant or deny the motion. Furthermore, if the Court

were to grant the motion, the Court — not the Government — would decide how much of a departure or sentence reduction the defendant receives based upon the nature and extent of the defendant's assistance. The defendant understands that any departure or sentence reduction will be limited by the statutory mandatory minimum unless the Government files a written motion to release the mandatory minimum. The defendant acknowledges and agrees that he may not appeal the Court's exercise of its discretion in granting or denying a motion for departure or reduction of sentence, if such a motion is made.

11. <u>Waiver of Trial Rights</u>. By pleading guilty, the defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of the defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, the defendant would have had the following rights:

   a. The right to the assistance of counsel, including, if the defendant could not afford an attorney, the right to have the Court appoint an attorney to represent him;

   b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove the defendant guilty beyond a reasonable doubt;

   c. The right to confront and cross-examine witnesses against the defendant;

   d. The right, if the defendant wished, to testify on the defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify; and

*United States v. Eric Devin Masters*
*Case No.  1:14-CR-119*
*Plea Agreement*

    e.   The right not to be compelled to testify, and, if the defendant chose not to testify or present evidence, to have that choice not be used against him.

    f.   By pleading guilty, the defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

12.   <u>Waiver of Collateral Attack</u>.  The defendant waives the right to challenge his conviction and sentence, and the manner in which his sentence was determined, in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255 (except a challenge that goes to the validity of this waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel).  The defendant acknowledges that this waiver is in exchange for the substantial concessions made by the U.S. Attorney's Office in this plea agreement, including those enumerated in Paragraph 10 of this agreement.

13.   <u>Waiver of Attorney Fees</u>.  The defendant acknowledges, by his voluntary admissions of guilt, that the position of the U.S. Attorney's Office in this case is not vexatious, frivolous, or in bad faith, and he hereby disclaims and waives any right to make any claim for attorney fees.

14.   <u>Forfeiture of Parental Rights</u>.   The defendant also agrees to forfeit without trial his parental rights, a matter currently pending before the 17th Circuit Court, Kent County, Michigan (Case Number 14-51508-NA-103448401).

*United States v. Eric Devin Masters*
*Case No.  1:14-CR-119*
*Plea Agreement*

15.   <u>FOIA Waiver</u>.    The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552; or the Privacy Act of 1974, 5 U.S.C. § 552a.

16.   <u>The Court Is Not a Party to this Agreement</u>.    The defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed.  The defendant further understands that even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement.  The defendant understands that no one – not the prosecutor, the defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence the defendant will receive, except that it will be within the statutory minimum and maximum.

17.   <u>This Agreement Is Limited to the Parties</u>.    This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authority.  This agreement applies only to crimes committed by the defendant.  This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

*United States v. Eric Devin Masters*
*Case No.  1:14-CR-119*
*Plea Agreement*

18.     <u>Consequences of Breach</u>.     If the defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement or deny any or all benefits to which the defendant would otherwise be entitled under the terms of this agreement.  In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed.  In such an event, the defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant.  The defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

*United States v. Eric Devin Masters*
*Case No.  1:14-CR-119*
*Plea Agreement*

19.   <u>This Is the Complete Agreement</u>.     This agreement has been entered into by both sides

freely, knowingly, and voluntarily, and it incorporates the complete understanding

between the parties.  No other promises have been made, nor may any additional

agreements, understandings, or conditions be entered into unless in a writing signed by

all parties or on the record in open court.


PATRICK A. MILES, JR.
United States Attorney

_9/12/14_____            _____
Date                                                        TESSA K. HESSMILLER
                                                              Assistant United States Attorney


        I have read this agreement and carefully discussed every part of it with my attorney.  I
understand the terms of this agreement, and I voluntarily agree to those terms.  My attorney has
advised me of my rights, of possible defenses, of the sentencing provisions, and of the
consequences of entering into this agreement.  No promises or inducements have been made to
me other than those contained in this agreement.  No one has threatened or forced me in any way
to enter into this agreement.  Finally, I am satisfied with the representation of my attorney in this
matter.

_10 SEP 2014_____            _____
Date                                                        ERIC DEVIN MASTERS
                                                              Defendant


        I am Mr. Masters's attorney.  I have carefully discussed every part of this agreement with
my client.  Further, I have fully advised my client of his rights, of possible defenses, of the
sentencing provisions, and of the consequences of entering into this agreement.  To my
knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_9/10/14_____            _____
Date                                                        JAMES K. CHAMPION
                                                              Counsel for Defendant


Page 12 of 12