AO 245B (MIWD Rev. 01/13)- Judgment in a Criminal Case

# United States District Court

## Western District of Michigan

UNITED STATES OF AMERICA

-vs-

ERIC DEVIN MASTERS

JUDGMENT IN A CRIMINAL CASE

Case Number: 1:14-CR-119

USM Number: 18153-040

James K. Champion
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to Counts 3, 5, and 7 of the Indictment.

☐ pleaded nolo contendere to Count(s) ___, which was accepted by the court.

☐ was found guilty on Count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Offense Ended | Count No. |
|---|---|---|
| 18 U.S.C. § 2251(a) and (e) | August 25, 2013 | Three |
| 18 U.S.C. § 2251(a) and (e) | August 25, 2013 | Five |
| 18 U.S.C. § 2251(a) and (e) | August 25, 2013 | Seven |

<u>Nature of Offense</u>

Ct. 3 - Sexual Exploitation of a Child
Ct. 5 - Sexual Exploitation of a Child
Ct. 7 - Sexual Exploitation of a Child and Attempted Sexual Exploitation of a Child

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ Counts 1, 2, 4 and 6 of the Indictment are dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: March 18, 2015

Date:   <u>March 18, 2015</u>

<u>/s/ Robert Holmes Bell</u>
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE

AO 245B (MIWD Rev. 01/13)- Judgment in a Criminal Case

Judgment – Page 2
Defendant: ERIC DEVIN MASTERS
Case Number: 1:14-CR-119

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **200 months as to each of Counts 3, 5, and 7, all counts consecutive, for a total term of imprisonment of 600 months**.

☒        The Court makes the following recommendations to the Bureau of Prisons:

-That the defendant receive sex offender and mental health assessment and counseling.

-That the defendant receive substance abuse treatment.

-That the defendant receive vocational programming opportunities.

-That the defendant receive educational opportunities that fit his needs.

☒   The defendant is remanded to the custody of the United States Marshal.
☐   The Defendant shall surrender to the United States Marshal for this district:
    ☐   At _____ on _____.
    ☐   As notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐   Before 2:00 P.M. on _____.
    ☐   As notified by the United States Marshal.
    ☐   As notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____To _____

At _____, with a certified copy of this judgment.

_____
United States Marshal

By: _____
Deputy United States Marshal

AO 245B (MIWD Rev. 01/13)- Judgment in a Criminal Case

Judgment – Page 3
Defendant: ERIC DEVIN MASTERS
Case Number: 1:14-CR-119

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **10 years as to each of Counts 3, 5 and 7, to be served concurrently**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐       The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☒       The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒       The defendant shall cooperate in the collection of DNA as directed by the probation officer.

☒       The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) As directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.

☐       The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1.      The defendant shall not leave the judicial district without the permission of the court or probation officer;
2.      The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3.      The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4.      The defendant shall support his or her dependents and meet other family responsibilities;
5.      The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6.      The defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment;
7.      The defendant shall refrain from use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8.      The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9.      The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10.     The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11.     The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
12.     The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13.     As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (MIWD Rev. 01/13)- Judgment in a Criminal Case

Judgment – Page 4
Defendant: ERIC DEVIN MASTERS
Case Number: 1:14-CR-119

# SPECIAL CONDITIONS OF SUPERVISION

1.      The defendant shall provide the probation officer with access to any requested financial information.

2.      The defendant will participate in a sex offender assessment and/or treatment as approved by the probation officer which may include physiological testing such as polygraph, plethysmograph, and/or ABEL assessment.  The defendant will contribute to the cost of treatment in an amount approved by the probation officer.

3.      The defendant's residence shall be pre-approved by the probation officer.

4.      The defendant shall not associate with or have any contact with convicted sex offenders unless in a therapeutic setting and with the permission of the probation officer.

5.      The defendant shall not be employed in any position or participate as a volunteer in any activity that involves contact with children under the age of 18, except as approved by the probation officer.

6.      The defendant shall have no contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate, including, but not limited to, schools, day care centers, theme parks, theaters, and playgrounds.

7.      The defendant will not purchase or possess photographic or video equipment without the prior knowledge and permission of the probation office.

8.      The defendant shall not possess any materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A)(I)-(v), including visual, auditory, telephonic, or electronic media, and computer programs or services. He/she shall not patronize any place whose primary purpose is to promote such materials or entertainment.  The defendant shall not utilize 900 or adult telephone numbers or any other sex-related numbers.

9.      The defendant shall advise the probation officer of all pornographic materials owned or possessed by the defendant and shall not own or possess any sexually stimulating or sexually oriented material deemed inappropriate by the probation officer and/or treatment staff.

10.     The defendant shall advise anyone in his/her household that any computer in the household may be subject to computer monitoring.

11.     The defendant shall not use/possess alcohol.

12.     The defendant shall register as a sex offender.

AO 245B (MIWD Rev. 01/13)- Judgment in a Criminal Case

Judgment – Page 5
Defendant: ERIC DEVIN MASTERS
Case Number: 1:14-CR-119

## CRIMINAL MONETARY PENALTIES[1]

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the following pages.

| **Assessment** | **Fine** | **Restitution** |
|---|---|---|
| **$300.00** | -0- | **$76,640.00** |

☐      The determination of restitution is deferred until _____.  An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☒      The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| E.W. | $76,640.00 | $76,640.00 | |

☐      Restitution amount ordered pursuant to plea agreement:          $

☐      The defendant must pay interest on restitution and/or a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options in the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒      The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the fine.

☒ the interest requirement is waived for the restitution.

☐ the interest requirement for the fine is modified as follows:

☐ the interest requirement for the restitution is modified as follows:

---

[1]  Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (MIWD Rev. 01/13)- Judgment in a Criminal Case

Judgment – Page 6
Defendant: ERIC DEVIN MASTERS
Case Number: 1:14-CR-119

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☒   Lump sum payment of **$300.00** due immediately, balance due

         ☒   not later than the term of supervised release, or

         ☐   in accordance with ☐ C,  ☐ D,  ☐ E, or ☐ F, below; or

B   ☐   Payment to begin immediately (may be combined with C, D, or F, below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment, or

D   ☐   Payment in equal_____(e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, 399 Federal Building, 110 Michigan N.W., Grand Rapids, MI 49503, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate:

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☒   The defendant shall forfeit the defendant's interest in the following property to the United States:   Pursuant to the Final Order of Forfeiture  entered February 13, 2015.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.